People v Wester (2021 NY Slip Op 06295)





People v Wester


2021 NY Slip Op 06295


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


993 KA 19-01446

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT WESTER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), entered May 8, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in denying his request for a downward departure from his presumptive risk level because he met his burden of proving the existence of a mitigating factor to warrant the downward departure, i.e., he had an exceptional response to treatment. We reject that contention. While defendant is correct that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]), we conclude that defendant failed to meet his burden of proving by a preponderance of the evidence that his response was exceptional (see People v Antonetti, 188 AD3d 1630, 1631 [4th Dept 2020], lv denied 36 NY3d 910 [2021]; People v Rivera, 144 AD3d 1595, 1596 [4th Dept 2016], lv denied 28 NY3d 915 [2017]). Moreover, even assuming, arguendo, that defendant demonstrated that his response to treatment was exceptional, we nevertheless conclude, based upon the totality of the circumstances, that a downward departure is not warranted (see Antonetti, 188 AD3d at 1632; Rivera, 144 AD3d at 1596; see generally People v Gillotti, 23 NY3d 841, 861 [2014]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court