People v Pope (2024 NY Slip Op 04036)

People v Pope

2024 NY Slip Op 04036

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, OGDEN, NOWAK, AND DELCONTE, JJ.

547 KA 23-01109

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CONNOR E. POPE, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KERRY A. CONNER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Genesee County Court (Melissa Lightcap Cianfrini, J.), dated May 30, 2023. The order determined that respondent is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in denying his request for a downward departure from his presumptive risk level. We reject that contention.
Defendant is correct that "a defendant's response to treatment, 'if exceptional' . . . , may constitute a mitigating factor to serve as the basis for a downward departure" (People v Bernecky, 161 AD3d 1540, 1541 [4th Dept 2018], lv denied 32 NY3d 901 [2018], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; see People v Wester, 199 AD3d 1404, 1404 [4th Dept 2021], lv denied 38 NY3d 903 [2022]; People v Davis, 170 AD3d 1519, 1520 [4th Dept 2019], lv denied 33 NY3d 907 [2019]). Here, however, we conclude that defendant failed to meet his burden of proving by a preponderance of the evidence that his response to treatment was exceptional (see Wester, 199 AD3d at 1404-1405; People v Rivera, 144 AD3d 1595, 1596 [4th Dept 2016], lv denied 28 NY3d 915 [2017]). Moreover, even assuming, arguendo, that defendant demonstrated that his response to treatment was exceptional, we nevertheless conclude, based upon the totality of the circumstances, that a downward
departure is not warranted (see Wester, 199 AD3d at 1405; Rivera, 144 AD3d at 1596; see generally People v Gillotti, 23 NY3d 841, 861 [2014]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court